IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JASON WESTERFIELD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 10-cv-1668 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, JASON WESTERFIELD, by their attorneys, LOEVY & LOEVY, complains of Defendant, THE UNITED STATES OF AMERICA, and states as follows:

### Jurisdiction and Venue

1. This action is brought under the Federal Tort Claims Act to redress wrongs committed by agents of the United States of America acting within the scope of their employment with the United States of America.

2. This Court has jurisdiction of the action under 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

### Factual Allegations

4. Plaintiff JASON WESTERFIELD is 32 years old.

5. As a result of the misconduct committed by agents of the United States of America, Plaintiff was falsely implicated in a drug conspiracy. According to the

fabricated charges in Plaintiff's criminal case, he allegedly conspired to sell drugs through a fictional drug ring and allegedly sold drugs on three separate dates, even though a non-removable department of corrections tracking device attached to his body showed that he was not present during the alleged deal on at least one date.

6. Plaintiff was not involved in the alleged drug ring, and all of the evidence suggesting otherwise was fabricated.

7. Among other things, audio recordings used in the case were manipulated and misrepresented in an effort to arrest, prosecute, and convict Plaintiff of a crime in which he had no involvement. Defendant's agents also recorded fabricated cell phone calls, allegedly between alleged co-conspirators and Jerrell Bray, to falsely implicate him in the alleged drug ring. Defendants also may have used a stand-in to impersonate Plaintiff during the drug sales attributed to him.

8. At least one alleged "drug buy" between Plaintiff and Mr. Bray was fabricated by the Defendant's agents in an effort to implicate him in the drug ring.

9. Excluding the manipulated and misrepresented evidence, and Mr. Bray's revelations, there is not a single piece of legitimate evidence linking Plaintiff to the crime or crimes for which he was charged.

10. In order to build a false case against him, Defendant's agents fabricated evidence that falsely implicated Plaintiff in the drug ring, and destroyed and/or otherwise withheld from the prosecutors and from Plaintiff evidence that would have helped exonerate him, all in violation of the constitution.

11. In so doing, the Defendant's agents, acting personally, as well as by and through a conspiracy with others, coached and manipulated witnesses, and then withheld from the prosecutors the details of how they had done so.

12. As described more fully above, Defendant's agents deprived Plaintiff of due process by manipulating, concealing, and tampering with evidence in an effort to falsely implicate and convict him.

13. Defendants' agents, including Lee Lucas, Robert Cross, Charles Metcalf, Jamaal Ansari, and others, all possessed exculpatory and/or impeaching material relating to Bray and/or about the involved law enforcement officers that was material to Westerfield's defense. Defendants' agents failed to turn over that exculpatory and/or impeaching material to Westerfield's defense.

14. The totality of the Defendant's agents' misconduct was so egregiously abusive that it shocks the conscience.

15. As a result of the aforementioned wrongful conduct, Plaintiff was wrongfully arrested, indicted, and tried for a crime he did not commit.

16. Plaintiff suffered substantial damages as a result of Defendant's agents' wrongful conduct. These damages include both emotional and economic injuries.

## Legal Claims

17. Defendant's agents' misconduct constitutes malicious prosecution, trespass, false arrest, and intentional infliction of emotional distress in that they caused Plaintiff to be arrested, unlawfully searched, and prosecuted for a crime he

did not commit, all without probable cause.

18. Defendant's agents, acting individually and in concert, improperly subjected Plaintiff to judicial proceedings for which there was no probable cause and under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of Ohio. These actions were undertaken maliciously, resulting in injury.

19. As a direct and proximate result of the above-described conduct, Plaintiff has suffered actual and special damages including, *inter alia*, extreme emotional distress. Defendant United States of America is liable for these damages under the Federal Tort Claims Act.

20. In or about January 2008, Plaintiff filed a claim with the United States under the Federal Tort Claims Act.

21. In the intervening months – spanning more than six months, the United States has failed to take any action on Plaintiff's claim and/or denied Plaintiff's claim, which allows for this action under the Federal Tort Claims Act. 28 U.S.C. § 2675(a).

22. Defendant's agents also reached an agreement to deprive Plaintiff of his constitutional rights via illicit means, and one or more of them took actions in furtherance of this conspiracy, all in violation of both state and federal law.

23. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others such that the Defendant's agents' actions shock the conscience.

24. During the criminal proceedings against him, Plaintiff suffered emotional distress as a result of the fraudulent evidence that was admitted, as well as by the inability to rebut that evidence due to Defendant's agents' actions in withholding exculpatory evidence.

25. Had Defendant's agents timely provided Plaintiff with all of the exculpatory evidence to which he was entitled, including but not limited to the evidence bearing on the manipulations involving Mr. Bray, the audio recordings, and the cell phone conversations, the prosecution on the drug conspiracy never would have proceeded at all, either as a result of a suppression hearing or because the prosecutors would have simply dropped the charges outright.

26. All of Defendant's agents' interactions with Plaintiff and the criminal case brought against him were undertaken under color of law, and within the scope of their employment.

WHEREFORE, Plaintiff, JASON WESTERFIELD, by his attorneys, LOEVY & LOEVY, respectfully requests that the Court enter judgment in his favor and against Defendant, THE UNITED STATES OF AMERICA, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:


/s/ Mark Loevy-Reyes
Attorneys for Plaintiff


Mark Loevy-Reyes
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607